**ZHIGANG ZHANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–72965.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 19, 2013.*

Filed Nov. 27, 2013.

Zhigang Zhang, Monterey Park, CA, pro se.

Stuart Nickum, Trial, Oil, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

MEMORANDUM **

Zhigang Zhang, a native and citizen of China, petitions pro se for review of the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including whether an applicant has met his burden of proof, *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011), and we grant the petition for review and we remand.

The BIA agreed with the IJ's denial relief because Zhang did not present evidence to corroborate his arrest, detention, or religious activities in China or the United States. However, because the IJ did not have the benefit of our decision in *Ren v. Holder*, 648 F.3d 1079, 1089–94 (9th Cir.2011), regarding notice and opportunity to provide corroborating evidence, we grant the petition for review and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.